IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY EAVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-886 |
| ) | Judge Nora Barry Fischer/ |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| MR. FRANK WALKER, MONICA ) | |
| CWYNAR, ALLEGHENY COUNTY ) | |
| DISTRICT ATTORNEY OFFICE, ) | |
| ALLEGHENY COUNTY JAIL, MR. ) | |
| SHALEK, PRESBYTERIAN HOSPITAL, ) | |
| and KEEFE COMMISSARY; and JENNIFER ) | |
| RICHARDS, ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Amended Complaint, ECF No. 19, be dismissed pre- service pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

### II. REPORT

At the time of filing this action, Anthony Eaves ("Plaintiff") was civilly committed to Torrance State Hospital. Plaintiff is proceeding pro se and has been granted in forma pauperis status, ECF No. 2, in order to pursue a civil rights complaint. ECF No. 3. Because the current effective Amended Complaint names only one Defendant, namely Jennifer Richards, Plaintiff's alleged victim, who does not act under color of state law, the Amended Complaint should be dismissed before service for failure to state a claim upon which relief can be granted.

## A. STANDARD OF REVIEW

Because Plaintiff has been granted IFP status, the screening provisions of 28 U.S.C. § 1915(e) apply. 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a person granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the

12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001).  The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the Amended Complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

**B.  PROCEDURAL HISTORY**

Plaintiff's original Complaint was filed on July 13, 2017.  ECF No. 3.  The original Complaint named seven defendants:  Allegheny County District Attorney's Office; Allegheny County Jail; Monica Cwynar; Keefe Commissary; Presbyterian University Hospital; Mr. Shalek; and Mr. Frank Walker.  The original Complaint concerned actions taken in or about June 2008.  Plaintiff acknowledged the statute of limitations problem with his original Complaint but contended that he was "suffering from hidden injury, which tolls the statute of limitations from 2 years to 10 years, in which I have to file a complaint."  ECF No. 3, at 3, ¶ IV.C; id. at 5.

On August 1, 2017, Plaintiff filed a Motion to Stay the Complaint, albeit without explanation for the necessity of the stay.  ECF No. 6.  The Court granted the stay but required Plaintiff to file a Notice of Intent as to how he wished to proceed in this case, which was to be returned to the Court no later than August 23, 2017.  ECF No. 7.  Plaintiff failed to return the

Notice of Intent by the due date. Accordingly, on September 6, 2017, the Court issued an Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to prosecute. ECF No. 11. The Order to Show Cause was sent to Plaintiff at his address of record which was Torrance State Hospital. On September 21, 2017, the Order to Show Cause was returned to sender as not deliverable. ECF No. 12. On September 29, 2017, Plaintiff filed a Motion to Reopen the case. ECF No. 13. That Motion to Reopen the case indicated that Plaintiff's address had apparently changed as the address was no longer at Torrance State Hospital. However, Plaintiff never filed a formal notice of change of address with the Court. On October 5, 2017, the Court granted the Motion to Reopen the case and ordered Plaintiff to file one consolidated amended complaint no later than October 31, 2017. ECF No. 14. On October 24, 2017, Plaintiff filed a Motion to Amend the Complaint, ECF No. 15, and a Motion to Add a New Defendant. ECF No. 16. On October 25, 2017, the Court denied the Motion to Amend and the Motion to Add a New Defendant as moot in light of the Court's October 5, 2017 Order directing Plaintiff to file one consolidated amended complaint no later than October 31, 2017. ECF No. 18. Furthermore, the Court reminded Plaintiff that he had until October 31, 2017 to file his one consolidated amended complaint. On October 31, 2017, Plaintiff filed his Amended Complaint that named only one defendant, i.e., Jennifer Richards. ECF No. 19.

### C. THE AMENDED COMPLAINT

Plaintiff used a form complaint for the Amended Complaint. Id. In response to a question asking Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case [,]" Plaintiff answered as follows: "The New Federal Rules of Evidence 804(6)(3) Declarations Against Interest

4

Applies to statements against penal interest introduced by the government as well as those by the defendant in criminal cases." Id. ¶ II.A. In response to the direction to write a short plain statement of the claim stating as briefly as possible the facts and how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, Plaintiff answered as follows:

> On January 16, 2016, Jennifer Richard's alleged that she was raped. She told the Affiant Joseph Osinski that the accused [i.e., Plaintiff] penetrated her vagina first, then penetrated her anus second, and finally forced her to perform oral sex on him third. She also alleged that the oral sex occurred in the bathroom. Contrarily, Jennifer Richards testified during the preliminary hearing on January 25, 2016 alleging that Mr. Eaves penetrated her vagina second, then he penetrated her anus third and whether [sic] than her performing oral sex on him third and inside of the bathroom she testified that she performed oral sex on Mr. Eaves first and the oral sex occurred inside of the bedroom. This caused Mr. Eaves to be incarcerated from January 16, 2016 until September 28, 2017.

Id. ¶ III. Plaintiff seeks compensatory damages.

**C. DISCUSSION**

**1. The Federal Rules of Evidence do not Provide a Cause of Action.**

In the Amended Complaint, as noted above, Plaintiff identifies the Federal Rules of Evidence as giving rise to his cause of action. However, the Federal Rules of Evidence provide no private cause of action. See, e.g., In re Madison Guar. Sav. & Loan Ass'n, 173 F.3d 866, 869 (D.C. Cir. 1999) ("We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing."). Accordingly, to the extent that the Amended Complaint rests on the Federal Rules of Evidence as providing a basis for this cause of action, the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## 2. The Sole Defendant does not Act Under Color of State Law

In the alternative, a liberal reading of the pro se Amended Complaint leads to the conclusion that Plaintiff may be claiming a violation of his rights under the United States Constitution, specifically, a deprivation of his right to liberty.  See, e.g., ECF No. 19, ¶ III ("This caused Mr. Eaves to be incarcerated from January 16, 2016 until September 28, 2017.").  We read this statement as asserting a deprivation of Plaintiff's liberty without due process in violation of the Fourteenth Amendment.  However, to the extent that Plaintiff claims a violation of any of his rights under the United States Constitution, the Amended Complaint must be dismissed because the sole defendant did not act under color of state law.

Although Plaintiff did not specifically invoke 42 U.S.C. § 1983, a liberal reading of the Amended Complaint may treat it as asserting a cause of action under Section 1983, given his allegation of a deprivation of his liberty allegedly caused by the Defendant.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F. Supp. 877, 879 (E.D.N.Y. 1986).  Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

In order to state a claim under 42 U.S.C. § 1983, the Amended Complaint must reveal that 1) the challenged conduct was committed by a person acting under color of state law and 2) that the conduct infringed on Plaintiff's federal rights.  See Piecknick v. Pennsylvania, 36 F.3d

1250, 1255-56 (3d Cir. 1994). The sole Defendant, named in the Amended Complaint, does not act under color of state law as is required notwithstanding her alleged actions in reporting Plaintiff as having raped her. See, e.g., Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983."); Bennett v. Johnson, 500 F. App'x 776, 778 (10th Cir. 2012) (noting plaintiff had not established that private citizen, who reported plaintiff's conduct to police and testified against plaintiff, was acting "under color of state law"); DiNicola v. DiPaolo, 25 F.Supp.2d 630, 669–670 (W.D. Pa. 1998) (a witness did not act under color of state law in providing out-of-court statements against the plaintiff); Paulino v. Banguera, No. CIV. 10-4784 DMC, 2011 WL 1831759, at *6 (D.N.J. May 12, 2011) (dismissing a § 1983 claim for failure to state a claim upon which relief may be granted against witnesses who accused the plaintiff of criminal activity and gave statements to the police which were allegedly untrue, because the witnesses were not state actors); Wilson v. Martone, CIV. 11-5337 JAP, 2012 WL 715319, at *3 (D.N.J. Mar. 5, 2012) ("With respect to Defendant Rue, a private citizen, there are no allegations that she was acting under color of state law. She simply reported a crime to which she claims she was a victim, and gave a statement to the police. Plaintiff disputes that a crime occurred. Therefore, the Court finds that Defendant Rue is not a state actor and the Complaint will be dismissed in its entirety as against her for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) (1)."). Hence, the Amended Complaint fails to state a claim under Section 1983 upon which relief can be granted.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the instant Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72. D.2.

Date: November 6, 2017			Respectfully submitted:

				/s/Maureen P. Kelly
				MAUREEN P. KELLY
				CHIEF UNITED STATES MAGISTRATE JUDGE

cc:	Honorable Nora Barry Fischer
	United States District Judge

	ANTHONY EAVES
	RFPC-C1
	P.O. Box 111
	Torrance, PA 15779

	ANTHONY EAVES
	903 Watson Street
	Pittsburgh, PA 15219