## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY EAVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-886 |
| ) | Judge Nora Barry Fischer/ |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| MR. FRANK WALKER, MONICA CWYNAR, ) | |
| ALLEGHENY COUNTY DISTRICT ) | |
| ATTORNEY OFFICE, ALLEGHENY COUNTY ) | |
| JAIL, MR. SHALEK, PRESBYTERIAN ) | |
| HOSPITAL, and KEEFE COMMISSARY; and ) | |
| JENNIFER ) | |
| RICHARDS, ) | |
| Defendants. ) | |

## ORDER OF COURT

AND NOW, this 16th day of November, 2017, after Plaintiff Anthony Eaves ("Plaintiff") filed an amended complaint in the above-captioned matter, and after a Report and Recommendation was filed by Chief United States Magistrate Judge Maureen P. Kelly giving Plaintiff until November 24, 2017 to file written objections thereto, and upon consideration of the Objections filed by Plaintiff, and upon independent review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation, which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that the amended complaint is DISMISSED and the Clerk of Court shall mark this CASE CLOSED. IT IS FURTHER ORDERED that Plaintiff's Motions to Add Relief [22], for Extension of Time [23], to Add Defendants [24], and for Leave to File [26] are DENIED AS FUTILE. In this regard, we note that Plaintiff's allegations against Officer Joseph Osinski and the City of McKeesport Police Department, which are contained in Plaintiff's proposed Third Amended Complaint, ECF No. 26-1, fail to state a claim upon which relief can be granted. Essentially, the proposed Third Amended Complaint seeks to hold these two proposed defendants liable either for false arrest or malicious prosecution in the criminal case against

Plaintiff in Commonwealth v. Eaves, CP-02-CR-0000980-2016 (C.P. Allegheny County)[1] of which we take judicial notice. However, we note that Plaintiff pleaded nolo contendere in that case to simple assault and was sentenced to 2 years of probation on September 27, 2017. Accordingly, Plaintiff cannot establish false arrest because it is clear that based upon Jennifer Richard's, i.e., the victim's statements as apparently reported to Officer Osinski and Plaintiff's conviction for simple assault, Officer Osinski had probable cause to seek an arrest warrant for Plaintiff. Schirmer v. Penkethman, CIV. 10-1444 RMB/JS, 2012 WL 6738757, at *9 (D.N.J. Dec. 31, 2012) ("As discussed above, a finding of probable cause as to any charge is sufficient to defeat a false arrest claim. *Johnson*, 477 F.3d at 85. And, here, regardless of whether there were jurisdictional infirmities with respect to the charges based on J.H.'s allegations, Defendants had probable cause to arrest Plaintiff based on S.S.' allegations.") (footnote omitted), *aff'd*, 553 F. App'x 268 (3d Cir. 2014).

    As to the malicious prosecution claim, under the facts as alleged in the proposed Third Amended Complaint and the reports of the victim to Officer Osinski, Plaintiff's conviction in his criminal case necessarily bars the malicious prosecution claim. Crock v. Pennsylvania, 397 F. App'x 747, 750 (3d Cir. 2010) ("One necessary element of a malicious-prosecution claim is success in the underlying criminal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). Since Crock pleaded nolo contendere to disorderly conduct, he cannot now claim that he was maliciously prosecuted.").

    Insofar as Plaintiff claims racial animus in his criminal prosecution, such claims are barred

---

[1] The dockets of this case are available at:

https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0000980-2016 (site last visited 11/16/2017).

by Heck v. Humphrey, 512 U.S. 477 (1994). Hundley v. Ziegler, No. 07-848, 2007 WL 2345285, at *4 (W.D. Pa. Aug.16, 2007) ("'Plaintiff is attempting to establish that the defendants conspired against him to falsely convict him due to their alleged racial animus ... success in establishing such would necessarily render his convictions or sentences invalid' and thus, are barred by *Heck*"). Plaintiff's allegations of negligence on the part of any Defendants or proposed Defendants is insufficient to state a claim under Section 1983. Daniels v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"). Accordingly, Plaintiff's motion to file a Third Amended Complaint is denied as futile as are all other pending motions.

Any further attempted amendment would be futile.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

By the Court:

/s/Nora Barry Fischer
United States District Judge

cc:    Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Anthony Eaves
RFPC-C1
P.O. Box 111
Torrance, PA 15779

Anthony Eaves
903 Watson Street
Pittsburgh, PA 15219